Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:         (619) 233-7770
Office Fax Number:     (619) 297-1022

Attorneys for Loretta Bouton

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Loretta Bouton<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Coit Services San Diego & Transworld Systems, Inc.<br><br>　　　　　　　Defendant. | Case No: '16CV0615 W   BLM<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Loretta Bouton, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Coit Services San Diego ("Coit") & Transwold Systems, Inc. ("Transworld"), (collectively "Defendants"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

///
///

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Defendant Coit is a business whose principal place of business is located in the city of Burlingame, in the State of California.

12. Defendant Coit regularly offers services and collects monies owed in San Diego County.

13. Also, Because Defendant Coit does business and has the capacity to sue within the County of San Diego, State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

14. Defendant Transworld is a debt collector whose principal place of business is in Horsham, Pennsylvania.

15. However, Defendant Transworld regularly operates within the county of San Diego was retained by Defendant Coit to collect on an alleged debt in San Diego County.

16. Also, because Defendant Transworld does business and has the capacity to sue within the County of San Diego, State of California, personal jurisdiction is established. and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

///
///

17. Because both Defendants do business within the county of San Diego in the State of California and the action giving rise to the claim took place in the County of San Diego, California, personal jurisdiction is established.

18. Venue is proper pursuant to 28 U.S.C. § 1391b(1)&(2).

19. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

20. Plaintiff is a natural person who resides in the City of La Mesa, State of California.

21. Plaintiff is 81 years old.

22. Defendant Coit is located in the City of Burlingame, in the State of California.

23. Defendant Transworld is located in the City of Horsham, in the State of Pennsylvania.

24. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

25. Defendant Transworld is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

26. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

27. Defendants Transworld, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

28. Defendants Coit, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

29. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

30. Plaintiff is a senior citizen.

31. During all relevant times referenced in this complaint, Defendants knew or should have known that Plaintiff was a senior citizen consistent with the definition provided in Cal. Civ. Code §1761(f).

32. Sometime before November 17, 2015, Plaintiff is alleged to have incurred certain financial obligations for cleaning services from Coit.

33. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

34. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

35. Sometime thereafter, but before October, 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

36. Subsequently, but before November 17, 2015, Coit made efforts to contact Plaintiff by phone and letter stating that Plaintiff owed $402.00 for services rendered by Coit.

37. On or about November 17, 2015, Plaintiff spoke with a representative, provided her credit card information, and paid the $402.00 that was alleged to be owed.
38. Plaintiff believed the matter to be resolved.
39. However, despite, having paid the demanded funds, Coit mailed a dunning letter the same day (November 17, 2015) to Plaintiff demanding that she still owed $402.00.
40. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).
41. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).
42. Plaintiff did not owe this money and this letter was sent after Plaintiff had addressed the issue with Coit directly.
43. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).
44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.
45. Subsequently, but before December 25, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Transworld for collection.
46. On or about December 25, 2015, Transworld mailed a dunning letter to Plaintiff.  A few days later, Plaintiff received that letter.

47. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

48. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

49. Again, this letter demanded that Plaintiff pay $402.00 to Coit for the same services previously rendered and paid for.

50. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

51. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

52. Due to Defendants' actions, Plaintiff has suffered actual damages in the form of mental anguish type damages which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting her daily life and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

58. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

1  • An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• An award of actual damages pursuant to California Civil Code § 1788.30(a);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

• Treble damages pursuant to Cal. Civ. Code § 3345.

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 10, 2016          By: /s/Jessica R. K. Dorman
                              Jessica R. K. Dorman
                              Attorneys for Plaintiff